ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br><br>Recurrido<br><br>v.<br><br>**ALEXANDER GONZÁLEZ RAMOS**<br><br>Peticionario | KLCE202500062 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Utuado**<br><br>Criminal Núm.: **L VI2005G0001**<br><br>Sobre: Art. 837Asesinato en Primer Grado Clásico |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 24 de febrero de 2025.

Comparece ante nos el señor Alexander González Ramos (González Ramos o parte peticionaria) y nos solicita, mediante el presente recurso de *Certiorari*, que revoquemos la *Resolución*[1] emitida por el Tribunal de Primera Instancia, Sala Superior de Utuado (TPI), el 12 de diciembre de 2024. Mediante la aludida *Resolución*, el foro primario declaró sin lugar la *Moción*, presentada por la parte peticionaria al amparo de la Regla 192.1 de Procedimiento Criminal de Puerto Rico, 34 LPRA Ap. II, R.192.1.[2]

Por los fundamentos que discutiremos a continuación, denegamos expedir el auto solicitado.

**I**

Los hechos que dimanaron el recurso que atendemos corresponden a la presentación de una *Moción* por la parte

---

[1] Apéndice del recurso de *Certiorari*, págs. 31-41. Notificada y archivada en autos el 13 de diciembre de 2024.
[2] *Íd.,* Apéndice del recurso de *Certiorari,* págs. 1-8.

peticionaria el 18 de septiembre de 2024 ante el Tribunal de Primera Instancia.[3] En el referido escrito, la parte peticionaria solicitó un nuevo juicio al amparo de la Regla 192.1 de Procedimiento Criminal de Puerto Rico, *supra*. En síntesis, adujo que fue declarado culpable por un jurado en mayoría (9/3), de varios delitos, entre ellos asesinato estatutario, conspiración y robo bajo los Artículos 83, 262, 173, 173B del Código Penal de Puerto Rico del 1974.[4] Solicitó un nuevo juicio fundamentándose en que bajo la sección 11 del Artículo II de la Constitución de Puerto Rico[5], el veredicto de culpabilidad por mayoría violentó su derecho constitucional al no ser declarado culpable bajo un veredicto de unanimidad conforme a lo resuelto por el Tribunal Supremo de Estados Unidos en *Ramos v. Louisiana,* 590 U.S. 83(2020). Por otro lado, arguyó que el principio de favorabilidad expuesto en el Artículo 4 del Código Penal del 2012[6], permitía que se le aplicara de manera retroactiva el delito de asesinato estatutario codificado bajo el Artículo 93 (b) del mismo Código Penal del 2012.[7] Según el peticionario la tipificación del delito de asesinato estatutario bajo el Código Civil del 2012 suprimió el delito de asesinato estatutario del Código Penal del 1974 por el cual fue convicto.

En respuesta, el 20 de noviembre de 2024 el Ministerio Público se opuso a la solicitud de nuevo juicio solicitada por la parte peticionaria.[8]

Así las cosas, el 12 de diciembre de 2024, notificada al siguiente día, el Tribunal de Primera Instancia emitió una *Resolución* en la cual declaró **No Ha Lugar** la *Moción* al amparo de la Regla 192.1 de Procedimiento Criminal de Puerto Rico, *supra*. [9] En el

---

[3] Apéndice del recurso de *Certiorari,* págs. 1-8.
[4] 33 LPRA sec. 4002, 4523, 4279 y 4279b.
[5] LPRA Tomo 1.
[6] 33 LPRA sec.5004.
[7] 33 LPRA sec. 5142.
[8] Apéndice del recurso de *Certiorari,* págs. 24-30.
[9] *Íd.* págs. 31-41. Notificada y archivada en autos el 13 de diciembre de 2024.

referido dictamen, el foro primario resolvió que la *Sentencia* dictada contra el peticionario el 26 de abril de 2006 era una legal, pues el peticionario no logró demostrarle al Tribunal que se hubiese cometido una violación a sus derechos constitucionales, en especial a su planteamiento sobre su derecho constitucional a un veredicto unánime. El Tribunal razonó que el alcance sobre la norma establecida en *Ramos v. Louisiana,* supra, no se extendía a los casos cuyas **sentencias eran finales y firmes**, como lo era en la situación del peticionario. Por otro lado, el foro primario determinó que el principio de favorabilidad plasmado en el Código Penal del 2012, supra, **no era de aplicación a la *Sentencia* dictada contra la parte peticionaria**, pues los hechos delictivos por los cuales el peticionario fue convicto y sentenciado ocurrieron **previo** a la vigencia de los códigos penales del 2012 y 2004. Del mismo modo, el foro sentenciador razonó que el delito de asesinato estatutario tipificado en el Artículo 83 del Código Penal del 1974, *supra,* no fue suprimido por el Artículo 93(b) del Código Penal de 2012, *supra.* Finalmente, resolvió que los códigos penales del 2012 y 2004 contienen cláusulas de reserva que limitan el alcance del principio de favorabilidad a aquellos eventos ocurridos bajo su vigencia.

Inconforme, acude ante nos la parte peticionaria el 22 de enero de 2025 y nos plantea la comisión de los siguientes errores:

Primer Error: Err[ó] el [T]ribunal de [P]rimera Instancia al no resolver el fundamento Inciso (c) para nuevo juicio. Dónde el peticionario expuso dos jurisprudencias que se contradecían en la interpretación de asesinato Estatutario [C]ódigo [P]enal de 2004 106(b).

Segundo Error: Err[ó] el [T]ribunal de [P]rimera Instancia en que los Estados como [P]uerto Rico no tiene libertad de aplicar retroactivamente la regla de unanimidad del jurado como cuestión de derecho a los procedimientos Estatales posteriores a la condena.

Tercer Error: Err[ó] el [T]ribunal de [P]rimera [I]nstancia que la norma constitucional [a]mericana, [T]eague v[.] [L]ane es tipo de norma, es ["]watershed["], al caso del peticionario, por lo cual sería norma sustantiva.

El 18 de febrero de 2025 el Ministerio Público compareció mediante el *Escrito en Cumplimiento de Orden*.

Contando con la comparecencia de ambas partes, procedemos a resolver.

**II**

El auto de *certiorari* es aquel vehículo procesal extraordinario, de carácter discrecional, que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); Véase, además a *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). Para este recurso discrecional, existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.

La Regla 52.1 de Procedimiento Civil dispone que un recurso de *certiorari* sólo será expedido cuando se recurra de una resolución u orden bajo las Reglas 56 (Remedios Provisionales) y 57 (Injunctions) de Procedimiento Civil o una denegatoria de una moción de carácter dispositivo. Además de lo anterior, y a modo de excepción, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias cuando se recurra de decisiones sobre: 1) la admisibilidad de testigos de hecho o de peritos esenciales; 2) asuntos relativos a privilegios probatorios; 3) anotaciones de rebeldía; 4) casos de relaciones de familia; 5) casos que revistan interés público; o, 6) cualquier otra situación en la cual esperar la apelación constituiría un fracaso irremediable de la justicia.

Una vez adecuadamente presentado un recurso de *certiorari*, el Tribunal de Apelaciones deberá ejercer su discreción y evaluar la petición tomando en consideración los criterios enumerados en la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. Deberá evaluar:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Aun así, cuando el Tribunal de Apelaciones determina, en su sana discreción, denegar la expedición de un recurso de *certiorari*, no tiene que fundamentar su determinación. *Íd.*, R. 52.1

**III**

Luego de evaluar los criterios de la Regla 52.1 de Procedimiento Civil, supra, y de la Regla 40 de este Tribunal, supra, concluimos que no existe razón para ejercer nuestra discreción en el caso ante nuestra consideración. Por tal razón, denegamos expedir el auto.

**IV**

Por las razones discutidas, denegamos expedir el recurso solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones